UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGEL MILLER,

      Plaintiff,

      v.

JAVITCH BLOCK LLC, *et al.*,

      Defendants.

Case Number 2:25-cv-793
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on a Motion to Stay or Dismiss Based on *Colorado River* Abstention filed by Defendants Javitch Block LLC and Annemarie Carmen Wodzisz (ECF No. 7), which Defendants UHG I LLC, UHG LLC, UHG II LLC, Craig Manseth, Jacob Adamo, and Darren Durco[1] move to join (ECF No. 26). Plaintiff Angel Miller filed a response in opposition to the Motion to Stay or Dismiss (ECF No. 20) and Javitch and Ms. Wodzisz filed a reply in support (ECF No. 24). For the reasons stated below, Defendants' Motion is **GRANTED,** and the case is **STAYED** pending the resolution of related state-court proceedings.

## BACKGROUND

This case involves a protracted legal dispute that began over attempts to collect Ms. Miller's $12,630.90 debt. (*See* Mot., ECF No. 7-1; ECF Nos. 7-2, 20.) Three cases were filed in other courts before the dispute came before this Court. (*See* Mot.; ECF Nos. 7-2, 20.) The Court briefly summarizes the preceding cases.

---

[1] There are a total 11 Defendants: Javitch Block LLC, Annemarie Carmen Wodzisz, UHG I LLC, UHG LLC, UHG II LLC, Craig Manseth, Jacob Adamo, Darren Durco, and John Does 1–3. (ECF No. 1.) Plaintiff has not identified John Does 1–3, and they have not been served with a summons in the instant case.

### I.  *Miller I*

In July 2021, UHG I, represented by Atkins & Ogle Law Offices, LLC, filed a complaint against Ms. Miller seeking to recover her $12,630.90 debt in the Washington Court House Municipal Court ("*Miller I*").[2] (Mot., PageID 109.) Ms. Miller filed a putative class action counterclaim alleging violations of the Federal Debt Collection Practices Act ("FDCPA"), the Ohio Consumer Sales Practices Act, as well as "commission of criminal acts," fraud, negligence, and civil conspiracy. (*Id.*) The municipal court transferred the case to the Fayette County Court of Common Pleas, where it remains pending.[3] (*Id.* PageID 110.) *Miller I* has 12 counter-defendants, including the law firm and attorneys who filed the case. (ECF No. 7-2, PageID 124.)

### II.  *Miller II*

In September 2024, UHG I, represented by Javitch and Ms. Wodzisz, filed a complaint against Ms. Miller in the Washington Court House Municipal Court seeking to recover the same $12,630.90 debt ("*Miller II*").[4] (*Id.*) According to Ms. Miller, she timely submitted an answer and counterclaim to the clerk's office, but it was not filed on the docket. (Resp., ECF No. 20, PageID 311.) A few days later, the municipal court dismissed *Miller II* because it was duplicative of *Miller I*, and the court did not have jurisdiction under the jurisdictional priority rule and Ohio Rule of Civil Procedure 12(h)(3). (Mot., PageID 111.) After the dismissal, Ms. Miller filed a motion for the court to order the clerk of courts to docket her answer and counterclaim. (*Id.*) The court granted the motion, ordered the clerk of courts to file Ms. Miller's answer and counterclaim, and "returned the

---

[2] *UHG I, LLC v. Miller*, Case No. CVF2100492 (Washington Court House Mun. Ct. July 1, 2021).
[3] *UHG I, LLC v. Miller*, Case No. CV20220397 (Fayette County Ct. C.P. Nov. 4, 2022).
[4] *UHG I, LLC v. Miller*, Case No. CVF2400801 (Washington Court House Mun. Ct. Sep. 19, 2024).

case to active status for the limited purpose of litigating Miller's Counterclaim." (ECF No. 20, PageID 312.)

The counterclaim in *Miller II* is a putative class action alleging the same causes of action as the counterclaim in *Miller I*, plus a seventh count titled "Other Causes of Action." (ECF No. 7-4; *see* ECF No. 7-2, PageID 125.) The counterclaim is against 11 counter-defendants, including Javitch and Ms. Wodzisz but excluding the law firm and attorneys from *Miller I*. (ECF No. 7-4; ECF No. 7-2, PageID 124.) Javitch moved to dismiss for lack of subject matter jurisdiction. (Mot., PageID 112.)

In June 2025, the municipal court concluded that it lacked subject matter jurisdiction, voided its prior dismissal of the case, and transferred the case to the Fayette County Court of Common Pleas.[5] (*Id.* PageID 112–13.) Javitch appealed that order to the Twelfth District Court of Appeals. (*Id.* PageID 113.) Additionally, Javitch filed a motion for expedited relief to dismiss the counterclaim under the Ohio Public Participation Expression Act in the common pleas court. (*Id.*) The Fayette County Court of Common Pleas stayed *Miller II* case pending (1) the Ohio Supreme Court's decision in *Miller III* (see below), (2) resolution of Javitch's appeal in the Twelfth District Court of Appeals; and (3) resolution of Javitch's motion for expedited relief for motion to dismiss. (*Id.*)

### III.    *Miller III*

In May 2025, Javitch and Ms. Wodzisz commenced an original action for a writ of prohibition in the Ohio Supreme Court against Judge Susan R. Wollscheid of the Washington Court House Municipal Court and/or Judge David B. Bender of the Fayette County Court of Common

---

[5] *UHG 1, LLC v. Miller*, Case No. CV20250218 (Fayette County Ct. C.P. June 4, 2025).

Pleas ("*Miller III*").[6] (ECF No. 33, PageID 408.) The action is pending to assess whether any court has jurisdiction to hear Miller's counterclaims in *Miller II*. (*Id.*)

### IV. The Instant Action

In July 2025, Ms. Miller commenced a putative class action in this Court alleging the same seven causes of action as in *Miller II* and against the same defendants as in *Miller II*. (ECF No. 1; *see* ECF No. 7-2.) Javitch and Ms. Wodzisz filed a Motion to Stay or Dismiss Based on *Colorado River* Abstention (ECF No. 7) and Defendants UHG I LLC, UHG LLC, UHG II LLC, Craig Manseth, Jacob Adamo, and Darren Durco moved to join that Motion (ECF No. 26). Ms. Miller filed a response in opposition (ECF No. 20) and Javitch and Ms. Wodzisz filed a reply in support (ECF No. 24).

### ANALYSIS

As an initial matter, the Parties jointly ask the Court to take judicial notice of the state-court cases underlying this dispute. (ECF No. 7, PageID 105 n.1; ECF No. 26, PageID 310 n.2.) The Court takes judicial notice of the public records available on the dockets of *Miller I*, *Miller II*, and *Miller III*. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

Defendants ask the Court to stay or dismiss this action based on the *Colorado River* abstention doctrine. (ECF No. 7, PageID 105.) The *Colorado River* abstention doctrine recognizes that "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). The party seeking abstention must

---

[6] *State of Ohio ex rel. Javitch Block LLC and Annemarie Wodzisz v. Honorable Judge Susan R. Wollscheid*, Case No. 2025-0663 (Ohio Sup. Ct. May 14, 2025).

4

establish first that the state-court proceeding is parallel to the one pending in the federal district court. *Id.* If a parallel proceeding exists, the Supreme Court has identified eight factors that a district court must weigh when deciding whether to abstain under *Colorado River* abstention. *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001). The factors are:

> (1) whether the state court has assumed jurisdiction over any res or property;
>
> (2) whether the federal forum is less convenient to the parties;
>
> (3) avoidance of piecemeal litigation;
>
> (4) the order in which jurisdiction was obtained;
>
> (5) whether the source of governing law is state or federal;
>
> (6) the adequacy of the state-court action to protect the federal plaintiff's rights;
>
> (7) the relative progress of the state and federal proceedings; and
>
> (8) the presence or absence of concurrent jurisdiction.

*Id.*; *Romine,* 160 F.3d at 340–41. When considering these factors, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *PaineWebber, Inc.*, 276 F.3d at 207 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)).

### I.      Parallel Proceeding

The Court first considers whether there is a parallel state-court proceeding. Defendants assert that *Miller I* and *Miller II* are parallel state-court proceedings to this case because they involve the same alleged facts and the same central legal issues. (Mot., PageID 117.) Ms. Miller agrees that *Miller II* is a parallel-state court proceeding but argues that *Miller I* is not because it involves different defendants. (Resp., PageID 314.)

To be considered a parallel state-court proceeding, the proceeding need only be "substantially similar," not identical. *Romine*, 160 F.3d at 340. The Court agrees with the Parties that *Miller II* is a parallel-state court proceeding. Because there is at least one parallel state-court proceeding, there is no need to analyze whether *Miller I* is also a parallel state-court proceeding and the Court now turns to the abstention factors.

## II.    *Colorado River* Abstention Factors

### A.   Whether the state court has assumed jurisdiction over any res or property

No court has assumed jurisdiction over property in this dispute. Accordingly, this factor weighs against abstention. *See PaineWebber*, 276 F.3d at 207.

### B.   Whether the federal forum is less convenient to the parties

None of the Parties indicate that the federal court is a less convenient forum for them. Thus, the factor weighs against abstention. *See id.*

### C.   Avoidance of piecemeal litigation

Defendants assert that "allowing the state and federal cases to proceed simultaneously risks inconsistent rulings and unnecessary duplication of judicial resources." (Mot., PageID 118.) The Court agrees. This factor weighs heavily in favor of abstention. *See Red Roof Inns, Inc. v. A.C. Furniture Co.*, No. 2:10-CV-525, 2012 WL 628541, at *6 (S.D. Ohio Feb. 27, 2012) ("For this Court and the state court to focus simultaneously on the same issue would be a waste of limited judicial resources.").

### D.   The order in which jurisdiction was obtained

The counterclaim in *Miller II* was filed before the instant case, thus jurisdiction was established earlier in state court. In opposition, Ms. Miller highlights that Defendants insist that jurisdiction does not exist in the state-court case. (Resp., PageID 317.) Although Ms. Miller's point

is notable, the Court finds that this factor weights in favor of abstention, specifically staying the instant case until the issue of the state court's jurisdiction is resolved.

### E.   Whether the source of governing law is state or federal

Ms. Miller brings one federal law claim, violation of the FDCPA, and five state-law claims. Because most of Ms. Miller's claims are governed by state law, this factor supports abstention.

### F.   The adequacy of the state-court action to protect the federal plaintiff's rights

Ms. Miller argues that if *Miller II* is ultimately dismissed, her federal rights will not be protected. (Resp., PageID 318.) Because the question of the state-court's jurisdiction in *Miller II* is pending before the Ohio Supreme Court, it is premature to determine whether the state court can adequately protect Ms. Miller's rights. This factor weighs in favor of abstention, specifically a stay, but not dismissal of the instant case. If the Ohio Supreme Court determines that *Miller II* may proceed, there is no indication that the state court could not adequately adjudicate Ms. Miller's FDCPA claim, and dismissal of the instant case may be warranted then.

### G.   The relative progress of the state and federal proceedings

*Miller II* has progressed further than the instant case. There, Defendants have filed a motion for expedited relief to dismiss Mr. Miller's counterclaim on the substance of the claim, not just lack of subject matter jurisdiction. (Mot., PageID 113.) No motions on the substance of Ms. Miller's claims have been filed here. Thus, this factor favors abstention.

### H.   The presence or absence of concurrent jurisdiction

This Court and the state courts have concurrent jurisdiction over this dispute. Although there is a dispute as to whether the Fayette County Court of Common Pleas has jurisdiction, state courts have jurisdiction to adjudicate the types of claims Ms. Miller brings. Without the federal claim, however, this Court would have no jurisdiction over Ms. Miller's state-law claims. Thus, this factor

7

weighs in favor of abstention. *See Preferred Care of Delaware, Inc. v. VanArsdale*, 676 F. App'x

388, 397 (6th Cir. 2017) ("[W]here the source of the relevant law lies at least partly with the state,

this factor accordingly tips, however slightly, in favor of abstention.").

In conclusion, two of the abstention factors weigh against abstention and six weigh in favor

of abstention. The "paramount" factor, avoiding piecemeal litigation, weighs strongly in favor of

staying the case until resolution of the state-court jurisdiction issue. *See id.* at 395; *Moses H. Cone

Mem'l Hosp.,* 460 U.S. at 16.

### CONCLUSION

For the reasons stated above, Defendants' (ECF No. 7) Motion to Stay or Dismiss Based on

*Colorado River* Abstention and (ECF No. 26) Motion for Joinder are **GRANTED**. The case is

**STAYED** pending resolution of the writ of prohibition action in the Ohio Supreme Court and the

appeal in the Twelfth District Court of Appeals. The Parties are **INSTRUCTED** to notify this Court

of the status of the state-court proceedings in 90 days or upon the resolution of the writ of

prohibition or the appeal, if either is resolved before then.

This case remains open.

**IT IS SO ORDERED.**

**3/3/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

8